Weldon, J.,
delivered the opinion of the court:
The substance of the findings, stated briefly, is as follows: The claimant, a corporation created by the laws of the State of Washington, in the year 1900 was, by contract, building a steamer known as the George W. Dickinson, for Capt. E. E. Caine, of Seattle; and on the 11th day of April, 1900, Capt. W. W. Robinson, assistant quartermaster at the- city of Seattle, received instructions from the Quartermaster-General in Washington to purchase said vessel of Captain Caine at the price of $145,000, upon the condition that claimant should proceed with the construction of the same under the contract with Caine, and upon the further condition that the rate of speed should be at so many knots per hour, and upon the further condition that in the future construction of the vessel if any changes were made diminishing the cost of such vessel the diminished price was to be deducted from the contract price of $145,000, as stated.
The ship, upon its completion, was to be inspected by a board of officers appointed by the Secretary of War. The ship, upon its completion, was duly inspected and accepted as fully complying with the requirements of the contract of construction.
In the course of construction, after the purchase by the United States, various changes and additions were made by *492 the claimant and the officers in charge of the immediate work, which increased the cost of the vessel above the contract price nearly $15,000. Nine thousand nine hundred and sixty-four dollars and seventy-five cents was the amount of the first changes, which amount has been paid and about Avhich there is no controversy.
Besides the changes embraced in said sum, Captain Robinson ordered additional changes to the amount of $4,880, which has not been paid, and for the recovery of that sum this suit'was brought.
The findings show that the last changes and additions were made by the order of Captain Robinson, the officer in charge of the work, and that the expense to the claimant and the value of the work amounted to said sum.
There is no controversy in this case as to amount and value of the work which was performed by the claimant under the direction of the officer in charge. The contention is that he had no authority to employ the claimant in adding to the original cost of the vessel; that no contract can arise binding the Government, although it has received the value of the claimant’s work in the increased value of the vessel.
After the. performance of the work and after a failure of the defendants to pay the claim, to. wit, in March, 1902, the matter was the subject of investigation in the Quartermaster-General’s Office, and upon that investigation it was determined by the Quartermaster-General that the bill was properly payable by the Government and that the prices charged are those usually charged for similar work. Conceding that at the time Captain Robinson ordered .and directed these changes in the construction of the vessel, his authority was not sufficiently broad to include the right of making a contract increasing the expenses of the construction of the vessel (not having derived such specific power from the Quartermaster-General) , yet, if upon a full knowledge of the facts, the superior officer ratifies and confirms the action of his subordinate, is not that in' law equivalent to an express authority in the subordinate at the time he ordered the performance of the labor? Both parties acted in good faith, one ordering and the other performing the labor. The defendants have obtained and are in the enjoyment of the result *493 of tbe acts of the parties having control of the subject-matter of the controversju “An Executive Department undoubtedly has the right to make or ratify an implied contract not forbidden by law, and represents, and, in an executive sense, is the Government.” (Waters v. United States, 4 C. Cls. R., 394.)
The transaction in this proceeding was under the Bevised Statutes, section 3709, which obviates the necessity of reducing the contract to writing. The condition needed celerity of movement and comes within the law which ju-ovides for exigencies of' situations.
The vessel was being fitted out as a transport for immediate use. Major Bobinson says in his report to the Quartermaster-General :
“ The extreme haste which it was necessary for us to exercise to get this ship ready for Alaskan service after authority was issued for her purchase and in order that she might be able to sail at the opening of navigation in Bering Sea. This involved the necessity for working on Sundays and engaging in overtime work, as the emergencies in Alaska were regarded by General Bandall as so important that he was very impatient of any delay which would hold the vessel a day after the opening of navigation in Bering Sea.”
It comes within the principle of law announced in the case of Pacific Steam Whaling Co. v. The United States (36 C. Cls. R., 108).
Upon the question of the claimant’s right to recover where the defendants have obtained the benefit of labor or- the delivery of property may be cited the case of Baker v. United States (28 C. Cls. R., 370), in which it was held that:
“ Where cattle intended for the subsistence of Indians were seized by them Avhile in the contractor’s possession, and the agent treated the seizure as an issue to them and gave a voucher which was approved by the Secretary of the Interior and charged by him to the appropriation for the support of Indians at that agency, the Government acquired a benefit from the transaction, and a contract must be implied under the rule in Salomon's case (19 Wall., R., 17).”
The immediate completion of the vessel being required by the exigency of the situation takes the matter out of the operation of the Bevised Statutes, section 3709, requiring adver.- *494 tisement for proposals, and the additional work having been done by proper authority the contractor can recover therefor notwithstanding the provision of the Revised Statutes, sec-' tion 3744, requiring contracts to be reduced to writing. This claim comes within the law as announced in the case of Clark v. The United States (95 U. S., 539), in which it was held that the claimant could recover upon a quantum meruit.
The claimant acted in good faith in doing the work, relying upon the agency of the assistant quartermaster; it had been paid by the United States for work done on the vessel beyond what was within the contract which it had made with Caine, the original owner; the court therefore determines from the facts and the law that the claimant is entitled to recover a judgment against the defendants for the sum of four thousand eight hundred and eighty dollars ($4,880), as shown in the conclusion of law.